# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| DONALD GOODRICH, | |
| Plaintiff, | No. C15-3114-MWB |
| vs. | |
| JANA HACKER, | ORDER |
| Defendant. | |

This case is before me on the plaintiff's application to proceed in forma pauperis (Doc. No. 2). Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983.[1]

Based on the plaintiff's application and certificate of inmate account, it is clear that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee).[2] Thus, the plaintiff's application to proceed in forma pauperis shall be granted. *See generally* 28 U.S.C. § 1915. Nonetheless, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails

---

[1] Plaintiff did not sign either his complaint or his application to proceed in forma pauperis.

[2] Plaintiff may be under the mistaken impression that the filing fee is $250.00. On April 9, 2006, the filing fee increased from $250.00 to $350.00. In the event that the plaintiff's desire to pursue this action is altered by the actual filing fee, the plaintiff may write to the court and ask that his action be dismissed. Upon receipt of the plaintiff's notice, the court will dismiss the case without prejudice.

to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the documents that the plaintiff included with his application to proceed in forma pauperis, I find that the initial partial filing fee is $33.35. *Id*. The plaintiff shall submit $33.35 by no later than September 16, 2015. *Id*. If the court does not receive payment by this deadline, the instant action shall be dismissed.[3] *See* Fed. R. Civ. P. 41(b) (permitting dismissal where a plaintiff either fails to prosecute or fails to respond to an order of the court); *Barnett v. Ray*, 320 F. App'x 823, 824-25 (10th Cir. 2009) (same); *Kennedy v. Reid*, 208 F. App'x 678, 679 (10th Cir. 2006) (same); *Hutchins v. A.G. Edwards & Sons*, 116 F.3d 1256, 1259-60 (8th Cir. 1997) (explaining court's power to dismiss an action); *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 779-80 (8th Cir. 1995) (same), abrogated on other grounds by *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

---

[3] Plaintiff's application to proceed in forma pauperis authorized the agency having custody of his prison account to withdraw funds, that is, the initial partial payment and subsequent installment payments, and forward them to the clerk's office. If the plaintiff does not submit the required initial partial payment by September 16, 2015, he must explain by no later than September 30, 2015, whether his failure to pay was caused by circumstances beyond his control, such as prison officials' failure to adhere to his request to remit payment using funds from his account, or whether his nonpayment was caused by his failure to leave sufficient funds in the account to pay the initial partial payment. *See Sims v. Davis*, 589 F. App'x 813 (8th Cir. 2015) (citing *George v. Tucker*, 570 F. App'x 629 (8th Cir. 2014)).

account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

With respect to the plaintiff's complaint, I will reserve ruling on the plaintiff's claim for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A.[4]

**IT IS THEREFORE ORDERED**:

1. The plaintiff's application to proceed in forma pauperis (Doc. No. 2) is granted.

2. The plaintiff is directed to submit an initial partial filing fee of **$33.35** by no later than **September 16, 2015**. This case will be dismissed unless either the initial partial

---

[4] Before proceeding with his action, the plaintiff should consider that merely disagreeing with the medical treatment that is provided does not typically give rise to a valid cause of action. *See Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (dismissing case as frivolous because "[n]either differences of opinion nor medical malpractice state an actionable Constitutional violation"); *see also Williams v. Kelso*, 201 F.3d 1060, 1065 (8th Cir. 2000) ("[T]he law requires that [the] plaintiff make a showing of subjective awareness by the prison officials of a "substantial risk" of "serious harm" . . . in order to establish [a viable] cause of action.").

filing fee of $33.35 is received by September 16, 2015, or the court grants an extension of time to pay the initial partial filing fee in response to a written motion.

3. After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

4. The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

5. Ruling on the plaintiff's claim for purposes of 28 U.S.C. § 1915(e)(2)(B) and/or 28 U.S.C. § 1915A is **reserved**.

**IT IS SO ORDERED.**

**DATED** this 26th day of August, 2015.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE

**TO: WARDEN/ADMINISTRATOR**
**Fort Dodge Correctional Facility, Fort Dodge, Iowa**

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Donald Goodrich, #1117694, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Goodrich v. Hacker*, Case No. C15-3114-MWB. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $33.35, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after the plaintiff pays the initial partial filing fee of $33.35, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

/s/ djs, Deputy Clerk
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa